UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DE'ANDRE A. STURGES,

                Plaintiff,

                                 Civil Case No. 14-CV-14120

v.

                                 Honorable Patrick J. Duggan

DANIEL H. HEYNS, CINDI CURTIN,
BONITA HOFFNER, PAUL KLEE,
VAUGHN STEWART, FNU JACOBSEN,
RON GRAMBAR[1], and JOHN/JANE DOE(S),

                Defendants.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

## I. INTRODUCTION AND BACKGROUND

Plaintiff De'Andre A. Sturges recently filed a pro se civil rights complaint for declaratory, injunctive, and monetary relief under 42 U.S.C. § 1983. Plaintiff is a state prisoner at Gus Harrison Correctional Facility in Adrian, Michigan. The defendants are: Daniel H. Heyns, director of the Michigan Department of Corrections; Cindi Curtin, warden at Oaks Correctional Facility in Eastlake, Michigan; Bonita Hoffner, warden at Lakeland Correctional Facility in Coldwater,

----

[1] Elsewhere in his complaint, Plaintiff spells this defendant's surname as "Grambau," and an exhibit to the complaint indicates that "Grambau" is the correct spelling. *See* Compl., Ex. F. The Court therefore will use the spelling "Grambau" in the body of this Opinion.

Michigan; Paul Klee, warden at Gus Harrison Correctional Facility in Adrian; Vaughn

Stewart, the business manager at Gus Harrison Correctional Facility; a female hearing

officer named Jacobsen; Ron Grambau, an assistant resident unit supervisor at Oaks

Correctional Facility; and four business managers employed by the Michigan

Department of Corrections and identified only as John or Jane Doe.

The complaint and exhibits allege that, on August 26, 2012, Plaintiff and an

inmate named Powell were accused of assaulting a fellow inmate named Peterson at

Lakeland Correctional Facility.  Peterson injured his hip during the assault and

required surgery to repair the injury.  On August 27, 2012, and on August 28, 2012,

Peterson identified Plaintiff in line-ups as one of his assailants.  When a correctional

official questioned Plaintiff about the incident, Plaintiff claimed that he did not know

what happened because he was playing basketball on the other side of the prison

compound when the incident occurred. Prison officials nevertheless charged Plaintiff

with major prison misconduct and placed him in temporary segregation.  Following

a hearing on September 12, 2012, defendant Jacobsen found Plaintiff guilty of assault

and battery of an inmate.  Jacobsen punished Plaintiff by imposing seven days of top

lock,[2] thirty days without privileges, and $11,766.12 in restitution (one-half of

---

[2] "'Toplock' is a restriction placed on prisoners requiring them to remain in their cell with limited periods of release." *King v. Zamiara,* 680 F.3d 686, 690 n.5 (6th Cir. 2012), *cert. denied*, 133 S. Ct. 985 (2013).

Petersen's medical fees).  Plaintiff appealed his misconduct ticket, but a hearing administrator denied the appeal.

On September 19, 2012, Plaintiff was transferred to Oaks Correctional Facility, and on November 13, 2012, a prison official withdrew some money from Plaintiff's prison trust fund account as partial payment for the restitution that defendant Jacobsen ordered.  Plaintiff then pursued prison grievance procedures.  He complained that money was removed from his prison account in violation of state law.  Defendant Grambau denied Plaintiff's grievance at step I of the grievance procedures, and on June 21, 2013, defendant Cindi Curtin denied Plaintiff's grievance at step two of the grievance procedures.  Finally, on July 8, 2013, a grievance specialist in Lansing denied Plaintiff's grievance at the third and final step of grievance procedures.

On October 28, 2013, Plaintiff was transferred from Oaks Correctional Facility to his present location at Gus Harrison Correctional Facility.  He then asked warden Paul Klee and business manager Vaughn Stewart to stop removing money from his prison trust fund account.  Klee stated that he was authorized to remove the funds, and Stewart claimed that he was merely following the hearing officer's order.

Plaintiff now claims that defendant Jacobsen exceeded the scope of her authority under state law, that the business managers failed to follow proper protocol, and that the other defendants allowed the misconduct to continue.  Plaintiff seeks

money damages, as well as declaratory and injunctive relief for alleged violations of his rights under the Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

## II.  LEGAL STANDARD

The Prison Litigation Reform Act of 1996 requires federal district courts to dismiss a prisoner's complaint if the complaint is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *Flanory v. Bonn*, 604 F.3d 249, 252 (6th Cir. 2010); *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001).  A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32 (1989).

"In determining whether a prisoner has failed to state a claim, [courts] construe his complaint in the light most favorable to him, accept his factual allegations as true, and determine whether he can prove any set of facts that would entitle him to relief." *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005).  While a complaint need not contain "detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007) (footnote and

citations omitted).  Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Plaintiff brings his claim under 42 U.S.C. § 1983.  To prevail on his claim, he must prove "(1) that he . . . was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of law." *Robertson v. Lucas*, 753 F.3d 606, 614 (6th Cir. 2014).

### III.  ANALYSIS

Plaintiff's allegations that the defendants violated proper protocol under Michigan law fails to state a claim for relief under § 1983 because

> Section 1983 authorizes courts to redress violations of rights, privileges, or immunities secured by the Constitution and federal laws that occur under color of state law.  The statute is thus limited to deprivations of federal statutory and constitutional rights. It does not cover official conduct that allegedly violates state law.

*Michael v. Ghee*, 498 F.3d 372, 375 (6th Cir. 2007) (internal quotation marks, brackets, and ellipses omitted).

Plaintiff also claims that the defendants violated his rights under the Sixth,

Eighth, and Fourteenth Amendments to the United States Constitution.  Nevertheless, a prisoner's claim for declaratory relief and money damages in a prison misconduct action generally is not cognizable under § 1983 if a judgment in his favor would necessarily imply the invalidity of the punishment imposed.  *Edwards v. Balisok*, 520 U.S. 641, 648, 117 S. Ct. 1584, 1589 (1997).  A judgment in Plaintiff's favor would necessarily imply the invalidity of defendant Jacobsen's restitution order.

As for Plaintiff's request that state officials cease removing money from his prison account, the Court notes that state action taken for a punitive reason does not necessarily encroach on a liberty interest under the Due Process Clause.  *Sandin v. Conner*, 515 U.S. 472, 484, 115 S. Ct. 2293, 2300 (1995).  Liberty interests protected by the Due Process Clause generally are "limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  *Id*.

Plaintiff was punished with seven days top lock and thirty days loss of privileges.  Lockdown time and segregation for thirty days does not work a major disruption in a prisoner's environment.  *Id*. at 486, 115 S. Ct. at 2301.  And while the amount of restitution in this case may be an atypical punishment and a significant

hardship on Plaintiff, "[d]iscipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law." *Id.* at 485, 115 S. Ct. at 2301.

"[D]ebiting of funds from [a prisoner's] account in satisfaction of a properly imposed restitution order does not amount to a taking or other wrongful interference with a property interest." *Barber v. Wall*, 66 F. App'x 215, 216 (1st Cir. 2003). Furthermore, correctional officials are not required to seek a criminal restitution order or a civil tort judgment before they withdraw funds from an inmate's prison account to pay restitution. "Such a requirement would delay implementation of, and hence, impair the efficacy of prison disciplinary measures. It would significantly increase the cost of prison administration and unduly burden courts with litigation which is essentially administrative in nature." *Campbell v. Miller*, 787 F.2d 217, 224 (7th Cir. 1986).

Even if the defendants interfered with a protected liberty or property interest, Plaintiff's right to due process was not violated. Due process in prison disciplinary proceedings includes the rights to: (1) written notice of charges at least twenty-four hours before the disciplinary hearing; (2) a written statement of the evidence relied on and the reasons for the disciplinary action; and (3) an opportunity to call witnesses and present documentary evidence. *Wolff v. McDonnell*, 418 U.S. 539, 564-66, 94 S. Ct.

2963, 2978-79 (1974).  Additionally, there must be "some evidence" supporting the

hearing officer's decision.  *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445,

455, 105 S. Ct. 2768, 2774 (1985).

Exhibits to the complaint indicate that Plaintiff was given written notice of the

charges more than twenty-four hours before the disciplinary hearing.  It appears that

he also was given an opportunity to present documentary evidence and witnesses at

the hearing.  Additionally, he was provided with a copy of defendant Jacobsen's

written statement of the evidence she relied on and the reasons for the sanctions.  The

victim's identification of Plaintiff in two line-ups provided "some evidence" to

support defendant Jacobsen's decision.  Thus, even if Plaintiff had a protected liberty

or property interest in not having money withdrawn from his prison trust fund account

to pay restitution, his due process rights were not violated.

The Court also notes that, as a professional hearing officer for the Department

of Corrections, defendant Jacobsen enjoys immunity from a suit for money damages.

*Barber v. Overton*, 496 F.3d 449, 452-53 (6th Cir. 2007); *Shelly v. Johnson*, 849 F.2d

228, 229-30 (6th Cir. 1988).  And Plaintiff's complaint regarding the defendants'

denial of his grievances fails to state a claim.  *Skinner v. Govorchin*, 463 F.3d 518,

525 (6th Cir. 2006).

## IV.  CONCLUSION

For all the reasons given above, Plaintiff's allegations fail to state a plausible claim for which relief may be granted and they seek money damages from a defendant who is immune from such relief.

Accordingly,

**IT IS ORDERED** that the complaint is summarily dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

**IT IS FURTHER ORDERED** that an appeal from this decision would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445, 82 S. Ct. 917, 921 (1962).

**SO ORDERED.**

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Dated:

Copy to:
De'Andre A. Sturges

9